NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re CAMBRIDGE INDUSTRIES USA INC.,**
*Petitioner*

2026-101

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2025-00433 and IPR2025-00435.

**ON PETITION**

Before PROST, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Cambridge Industries USA Inc. petitioned for *inter partes* review ("IPR") of Applied Optoelectronics, Inc.'s patents. Applied Optoelectronics asked the United States Patent and Trademark Office ("PTO") to exercise its discretionary authority and deny institution. The PTO agreed as to two of Cambridge's petitions based on the "Patent Owner's settled expectations as to the [challenged] patents" that "have been in force for nine and seven years." Appx3. Cambridge now petitions for a writ of mandamus

directing the PTO to reconsider its non-institution decisions.

I.

Applied Optoelectronics owns patents concerning optoelectronics modules, including U.S. Patent Nos. 9,523,826 ("the '826 patent"); 10,042,116 ("the '116 patent"); 10,379,301; 10,313,024; and 10,788,690. In February 2024, Applied Optoelectronics sued Cambridge for infringement of those patents. In January 2025, Cambridge filed five petitions seeking IPR, including the two petitions at issue here challenging claims of the '826 and '116 patents.

At the time Cambridge filed its petitions, the Director had in place interim guidance directing the PTO not to "discretionarily deny institution in view of parallel district court litigation where a petitioner presents a stipulation not to pursue in a parallel proceeding the same grounds or any grounds that could have reasonably been raised before the" agency. Appx24. Cambridge so stipulated. However, on February 28, 2025, that guidance was rescinded. Appx61. And on March 26, 2025, additional processes were implemented by the Acting Director; among them, permitting parties to address all relevant considerations, including "[s]ettled expectations of the parties, such as the length of time the claims have been in force." Appx67.

Applied Optoelectronics then sought discretionary denial of institution. On June 27, 2025, the PTO agreed-in-part. It cited the pending district court litigation between the parties but noted "[t]here is no currently scheduled trial date." Appx2. As to the '826 and '116 patents, the PTO determined Applied Optoelectronics had "settled expectations" because those patents "have been in force for nine and seven years, respectively," and concluded "discretionary denial is appropriate as to" those proceedings. Appx3. By contrast, it found the patents in the other three IPRs "have not been in force for a significant period of time (issued in 2020, 2019, and 2019)" and thus "Patent Owner

has not developed strong settled expectations that favor discretionary denial." Appx2. After Director review was denied in October 2025, Cambridge filed these petitions.

II.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). The petitioner must show a "clear and indisputable" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Given Congress committed institution decisions to the Director's discretion, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018), and protected exercise of that discretion from judicial review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), mandamus is ordinarily unavailable for review of institution decisions. *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021). That general prohibition bars review of decisions denying institution of IPR proceedings for efficiency reasons based on parallel district court litigation involving the same patents, *id.* at 1378–79, 1381. We have noted possible exceptions for "colorable constitutional claims," *id.* at 1382, and certain statutory challenges, *see Apple Inc. v. Vidal*, 63 F. 4th 1, 12 n.5 (Fed. Cir. 2023). But no such claims have been presented here.

Cambridge's constitutional challenges, like those raised in *In re Motorola Solutions, Inc.*, No. 2025-134, 2025 WL 3096514 (Fed. Cir. Nov. 6, 2025), fail to identify the

kind of property rights or retroactivity concerns that might give rise to a colorable Due Process Clause claim. *See Mylan*, 989 F.3d at 1383. Like Motorola, Cambridge identifies no "constitutionally protected right for its petition to be considered" based on certain criteria and certainly "no [constitutional] right to an IPR." *Motorola*, 2025 WL 3096514, at *4 (quoting *Mylan*, 989 F.3d at 1383). Cambridge's expectation that the PTO would evaluate its petition based on only certain criteria, moreover, is insufficient to establish a constitutional due process violation. *Id.* (citing *United States v. Carlton*, 512 U.S. 26, 33 (1994)).

Cambridge's remaining arguments raising statutory and APA-based challenges also do not demonstrate entitlement to mandamus relief.[1] Cambridge's contention that the PTO was required to promulgate relevant considerations for institution through notice-and-comment rulemaking procedures can be raised in an APA action in federal district court; thus, it has failed to demonstrate lack of available alternatives for relief. 2025 WL 3096514, at *5 ("[O]n that issue, there appears to be no dispute that an APA action in federal district court affords Motorola an available avenue to raise this same challenge."); *see also Apple*, 63 F.4th at 14. As to Cambridge's contention that the settled expectations factor exceeds the PTO's authority and is unreasonable, Cambridge has not adequately demonstrated—for purposes of meeting the "especially

---

[1] Cambridge casts its *ultra vires* arguments regarding the PTO's use of settled expectations as a factor in denying IPR also as a constitutional separation of powers challenge. But the Supreme Court has noted that "claims simply alleging that the President has exceeded his statutory authority are not 'constitutional' claims," *Dalton v. Specter*, 511 U.S. 462, 473–74 (1994), and we agree with the PTO that this challenge presents no colorable constitutional claim.

difficult" mandamus standard, *Mylan*, 989 F.3d at 1382—how these challenges are reviewable.

Cambridge argues the PTO created what amounts to a "maximum-patent-age cap on IPR," Pet. at 26, pointing to what it calls "statutory markers" for institution decisions—35 U.S.C. §§ 314(a); 315(b); 315(d); 315(e); and 325(d)—none of which, it notes, deal with how long the patent has been in force, *id.* at 27. Cambridge further cites other past and present post-grant review schemes that contain patent-age cutoffs as evidence Congress intended to prohibit consideration of the age of a patent for purposes of instituting IPR. Cambridge separately contends promulgation of the factor was arbitrary and capricious and not reasonably explained. Based on those challenges, Cambridge seeks to "vacate the two non-institution decisions" and "direct the []PTO to reconsider institution" without considering the settled expectations factor. Pet. at 36.

At bottom, Cambridge's arguments are about what factors the Director may consider when deciding whether to institute IPR. Unlike Cambridge's assertions regarding the failure to employ notice and comment rulemaking, these contentions appear to "focus directly and expressly on institution standards," *Apple*, 63 F.4th at 12, and turn on "the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review," which are not generally reviewable. *Cuozzo Speed Techs. v. Lee*, 579 U.S. 261, 274–75 (2016); *see Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 58–59 (2020); *Apple*, 63 F.4th at 13 (holding § 314(d) encompasses not only petition-specific challenges but also the substantive instructions and guidance from the Director about how to make the institution decisions on the Director's behalf).

We reiterate that we do not decide whether the PTO's actions are correct or whether the use of this factor is permitted under the statutes. Nor do we address the availability of mandamus relief for other challenges to institution

decisions based on non-constitutional grounds.  We decide only that Cambridge has failed to show a clear and indisputable right to the relief requested given the limits on our review of the PTO's decision to deny institution.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  All motions for leave to file briefs amici curiae are granted and the corresponding briefs are accepted for filing.

FOR THE COURT

December 9, 2025
Date

Jarrett B. Perlow
Clerk of Court